**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DAVID AMBARTSUMYAN and**
**ANAHIT AMBARTSUMYAN,**

Plaintiffs,

v.

**SHELLPOINT MORTGAGE SERVICING,**
**CITIBANK, N.A.,**

Defendants.

Civil Action No.: _____

COMPLAINT AND DEMAND FOR JURY TRIAL

---

**PARTIES**

1. Plaintiff David Ambartsumyan is an individual residing at 80 Morningside Ave, Creskill, New Jersey.

2. Plaintiff Anahit Ambartsumyan is an individual residing at 80 Morningside Ave, Creskill, New Jersey.

3. Defendant Shellpoint Mortgage Servicing is a mortgage servicing entity doing business in New Jersey.

4. Defendant Citibank, N.A. is a national banking association engaged in lending and mortgage activity in New Jersey.

---

**JURISDICTION AND VENUE**

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

10. Plaintiffs assert claims under:

- 42 U.S.C. § 1983 (Civil Rights Violations)

- The Fair Housing Act, 42 U.S.C. § 3601 et seq.

- 42 U.S.C. § 1981 (Equal Rights Under the Law)

- Fourteenth Amendment Due Process and Equal Protection Clauses

11. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because the property and events giving rise to the claims occurred in Bergen County, New Jersey.

---

# FACTUAL ALLEGATIONS

**Loan Modification Dispute**

12. Plaintiffs entered into negotiations with Shellpoint regarding a loan modification.

13. Shellpoint offered the modification terms via phone and email. They were specific. Plaintiff agreed with the terms offered.

14. Then, Defendant later submitted written modification documents materially differed from the promised terms, including but not limited to:

- Increased monthly payments;

- A previously undisclosed $15,000 lump sum;

- A 40-year term inflating interest beyond agreed terms.

15. Plaintiffs filed suit first in Bergen County Chancery Division (Docket No. BER-C-240-20) on December 14, 2020 to enforce the modification agreement.

## False Certification

16. Despite the pending Chancery litigation, foreclosure counsel filed a foreclosure complaint on May 6, 2021.

17. Counsel submitted a New Jersey Court Rule 4:5-1 certification stating no other litigation was pending.

18. That certification was false.

## Foreclosure Proceedings

19. Summary judgment and final judgment were entered without a plenary hearing despite Plaintiffs' objection to amount due under NJ Court Rule 4:64-1.

20. Plaintiffs were denied an evidentiary hearing to present testimony or cross-examine witnesses.

21. The Assignment of Final Judgment filed May 13, 2024 lacked proper documentation and contained contradictory representations regarding assignment between US Bank and RCF II Loan Acquisition, LP.

22. No valid recorded assignments were attached.

## Due Process Violations

23 Orders were entered without oral argument or evidentiary hearing.

24  Plaintiffs received an order bearing Judge Jerejian's typed name without signature or court seal. This was highly unusual as anybody could have typed his name in.

25. There was no testimony, no cross examination, no evidence admitted, no hearing of any kind as to the validity of the acceptance of the loan modification that was later unilaterally retracted and modified.

26. Without such hearing Plaintiffs were not afford due process.

## Discrimination

27. Plaintiff David Ambartsumyan is Armenian-American.

28. Plaintiffs allege discriminatory treatment in lending and foreclosure practices.

29. The CFPB previously sanctioned Citibank for discrimination against Armenian-American applicants.

30. Plaintiffs were denied COVID-related federally mandated relief programs while similarly situated borrowers received relief.

---

# COUNT I

### (42.S.C. § 1983 – Deprivation of Due Process)

31. Plaintiffs incorporate prior paragraphs.

32Defendants, acting under color of state law, deprived Plaintiffs of property without due process by:

- Entering final judgment without evidentiary hearing;

- Allowing false certifications;

- Proceeding despite invalid assignments;

## COUNT II

**(Violation of Equal Protection – 42 U.S.C. § 1983)**

33.Plaintiffs were treated differently from similarly situated borrowers.

34. Plaintiffs were denied equal protection based upon national origin (Armenian-American).

## COUNT III

**(Fair Housing Act – 42 U.S.C. § 3605)**

35.Defendants engaged in discriminatory lending and foreclosure practices based on national origin.

# DAMAGES

41. Plaintiffs have suffered:

- Emotional distress

- Loss of equity

- Legal expenses

- Damage to credit

- Threat of unlawful deprivation of home

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A. Vacatur of foreclosure judgment;
B. Injunction prohibiting sheriff's sale;
C. Compensatory damages;
D. Punitive damages;
E. Attorney's fees under 42 U.S.C. § 1988;
F. Any further relief the Court deems just.

# DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all triable issues.

**Respectfully submitted,**

Geist Law LLC
Jared A. Geist, Esq.
25 Main Street, Suite 202
Hackensack, NJ 07601

Attorney for Plaintiffs